## In the Matter of the Estate of Frank E. Campbell, Deceased.
### (Lewine Holding Corporation Claim.)

Surrogate's Court, New York County, January 12, 1938.

See headnote in *Matter of Campbell* (164 Misc. 640).

*McCanliss & Early*, for the administrators.

*Sapinsley & Lukas*, for the Lewine Holding Corporation.

Delehanty, S. By prior decision (164 Misc. 640) the court construed the effect of certain agreements entered into by deceased with Lewine Holding Corporation and others and held in substance that the agreements contemplated the need for money whenever rents of a property in which deceased had an interest were insufficient to cover the needs of the property for housekeeping charges, taxes and mortgage interest. In the prior decision the court pointed out that the then pending proceeding could not be made the basis for relief to the claimant. The claim made in the prior proceeding was dismissed without prejudice to the advancement by Lewine Holding Corporation of such further claims as it might properly make under the agreement. The present proceeding seeks an order of the court giving to the executors of deceased instruction and direction to make payments when and as necessary for the performance of the agreements. Such an order is within the power of the court. (Surr. Ct. Act, § 40, subd. 3.) There is here no question of preference among creditors of the estate, since it is stipulated that the estate is solvent.

In opposition to the application the estate urges that the agreements of 1932 constituted a joint venture, which in turn created a fiduciary relationship between claimant and deceased. Proceeding from that argument it is urged that there was breach of the fiduciary obligation by claimant, which makes the agreements no longer operative. That breach is alleged to have occurred when the claimant, the second mortgagee of the premises referred to in the agreements, undertook itself to negotiate with the first mortgagee. The court holds that there was no bad faith on the part of the claimant. It finds as a fact that the negotiations by the second mortgagee with the first mortgagee were undertaken only after the estate had disclaimed liability under the agreements. The court holds further that there was no joint venture and that there was no fiduciary relationship between the parties. On the contrary, each party represented his own interests and entered into the

agreements in the hope of protecting them. It is true that they had a common objective in that they were mutually interested in keeping the first mortgagee of the premises satisfied. That objective did not constitute the parties either joint venturers or fiduciaries in relation to one another. On the basis of the construction already made the court holds that the executors are under obligation to make payment out of estate funds of such sums as are needed in the future for satisfying the proper demands of the first mortgagee under its mortgage for interest, taxes or any other charge against the property which the rental income does not suffice to pay currently. Payment within the grace period, if any, provided in the mortgage will suffice. Payment is not to be made to the corporation holding the legal title to the land but is to be made directly to the first mortgagee by the executors.

The relief demanded by the petitioner is granted in the degree stated. The court cannot know in advance when moneys will be necessary. The decree to be entered in this proceeding will generally direct the payments as herein prescribed. It will contain a provision that at its foot either party may move on order to ·show cause for a further direction upon a showing of current need for payment and of current lack of rents available therefor. On that supplementary application the court will take proof of the then state of the property, of the need for funds and of the advances theretofore made on account of the guaranty of deceased, and will make such further order as will then be found appropriate.

Submit, on notice, decree accordingly.

See headnote in *Matter of Campbell* (164 Misc. 632).